IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Devin Jamaal Kershaw, #285275 | ) | |
| | ) | Civil Action No. 5:11-306-MBS-KDW |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| Anthony J. Padula, Warden of Lee C.I., | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |
| | ) | |

Petitioner, Devin Jamaal Kershaw ("Petitioner" or "Kershaw"), a state prisoner, filed this pro se petition[1] for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the court pursuant to 28 U.S.C. § Section 636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(c) DSC, for a Report and Recommendation on Respondent's return and motion for summary judgment. ECF No. 27. Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court advised Petitioner of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to Respondent's motion. ECF No. 28. Petitioner filed a response in opposition to Respondent's motion. ECF No. 52. Having carefully considered the parties' submissions and the record in this case, the undersigned recommends that Respondent's motion for summary judgment be granted.

I.     Factual Background

On December 24, 2002, shortly after 11:00 p.m., J.H. ("the Victim") noticed Petitioner approaching her as she was returning home from a family dinner. App. 17-18.[2] As Petitioner neared the Victim, he pulled out a silver handgun and demanded money. App. 18. The Victim

---

[1] After filing the pro se petition, Petitioner retained counsel.
[2] Citations to "App." refer to the Appendix for Writ of Certiorari as to Petitioner's claim for collateral relief in the state courts of South Carolina. That appendix is available at ECF No. 27-1 in this habeas matter.

handed Petitioner her purse, which contained about ten dollars, a credit card and a camera. The Petitioner then asked her if she had any more money. In response, the Victim informed Petitioner that she had more money in her wallet located in her apartment. App. 17-22.

Petitioner, who still had the handgun, forced the Victim to go into her apartment to get the wallet. After the Victim gave her wallet to Petitioner, he ordered her out of her apartment and told her to stand facing a nearby fence with her back to him. At no time during the robbery did Petitioner attempt to hide his identity from the Victim. Petitioner subsequently fled the scene. App. 19-20.

The Victim immediately called authorities after she realized Petitioner had fled. The next day, the Victim alerted her credit card companies that her cards had been stolen. Based on the Victim's stolen credit card report, authorities learned that her credit card had been used at a Columbia gas station and at a Sleep Inn in Gaffney, S.C. Upon reviewing the phone records from the hotel, authorities learned that Petitioner had gone to Gaffney that day to visit with his child and the child's mother. Authorities then tracked down the mother of Petitioner's child and determined Petitioner's name. App. 20-22.

After authorities determined Petitioner's identity, the Victim was presented with a photographic lineup and identified Petitioner as the man who robbed her. Authorities also arrested Petitioner's co-defendant, Duane Mack, who stated that he dropped Petitioner off approximately a block away from the Victim's home, picked Petitioner up approximately ten minutes later, and used the Victim's credit card after the crime was committed. App. 22.

II.     Procedural History

In May 2003, Petitioner was indicted in Richland County for one count of Armed Robbery (2003-GS-40-00470), one count of Kidnapping (2003-GS-40-00471), one count of Use of a Firearm During Commission of a Violent Crime (2003-GS-40-01191), and one count of Financial Transaction Card Theft (2003-GS-40-01192). Petitioner was also indicted for First Degree Burglary, but the State decided not to proceed on that indictment. App. 26. April Sampson, Esq. and Dwayne Pearson, Esq., Assistant Public Defenders for Richland County represented Petitioner. App. 5-41. On September 2, 2003, Petitioner appeared before the Honorable Reginald I. Lloyd and entered a plea of guilty to the four charges. App. 26. Judge Lloyd sentenced him to 22 years in prison. App. 41.

On May 4, 2004, Wanda P. Hagler, Esq., of the South Carolina Office of Appellate Defense, filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967),[3] alleging "[t]he lower court erred in accepting [Petitioner's] guilty pleas without advising him of the sentencing consequences thereof." *See* Final *Anders* Brief of Appellant in *State v. Kershaw*, ECF No. 27-3. Petitioner did not file a pro se brief. On November 17, 2004, the South Carolina Court of Appeals dismissed Petitioner's appeal, determining there were no issues of arguable merit. *See State v. Kershaw*, No. 2004-UP-0586, ECF No. 27-4. Following an unsuccessful pro se petition for rehearing, the remittitur was issued on February 28, 2005. ECF No. 27-6.

---

[3]*Anders v. California*, 386 U.S. 738 (1967). *Anders* requires that counsel who seeks to withdraw after finding the "case to be wholly frivolous" following a "conscientious examination" must submit a brief referencing anything in the record that arguably could support an appeal; furnish a copy of that brief to the defendant; and after providing the defendant with an opportunity to respond, the reviewing court must conduct a full examination of the proceedings to determine if further review is merited. *Anders*, 386 U.S. at 744.

On July 25, 2005, Petitioner timely filed an application for post-conviction relief ("PCR"). App. 43-47. In his application, Petitioner alleged he was entitled to relief as a result of (1) ineffective assistance of counsel, and (2) an involuntary guilty plea. On March 3, 2006, the State, represented by Robert L. Brown, Esq., filed its Return and requested an evidentiary hearing on Petitioner's claims for relief. App. 51-55. Subsequently, on December 1, 2006, Petitioner's PCR counsel filed an amended application for PCR. In the amended application, Petitioner added that "counsel was ineffective in that he neglected to insure that the sentencing orders signed by the presiding judge accurately reflected the sentence clearly articulated by the court during sentencing." App. 49.

On January 7, 2007, the Honorable Casey L. Manning conducted an evidentiary hearing on Plaintiff's PCR application. App. 57-111. During the hearing, Petitioner, his mother, his friend, LaQueta Ball, and plea counsel, April Sampson, each testified. App. 61-78; 78-83; 84-88; 88-108. At the conclusion of the hearing, the PCR court left the record open to allow Petitioner to introduce missing videotape that he claimed would have provided him with an alibi. App. 110. The PCR court also kept the record open so that counsel could submit evidence from the former plea judge concerning his intent in sentencing Petitioner. App. 110. However, no additional evidence was placed in the state court record.

On July 9, 2008, the PCR court issued an order dismissing Petitioner's application for PCR. App. 112-19. Specifically, the PCR court issued the following findings of fact and conclusions of law:

> This Court has had the opportunity to review the record in its entirety and has heard the testimony at the post-conviction relief hearing. This Court has further had the opportunity to observe the witnesses presented at the hearing, closely pass upon their credibility and weigh their testimony accordingly. Set forth below are

4

the relevant findings of facts and conclusions of law as required pursuant to S.C. Code Ann. § 17-27-80 (1985).

Both the Applicant and plea counsel testified. This Court was presented with copies of the guilty plea transcript, the Richland County sentencing sheets, and the South Carolina Department of Corrections records for the Applicant.

In a post-conviction relief action, the Applicant has the burden of proving the allegations in the application. Rule 71.1(e), SCRCP; Butler v. State, 286 S.C. 441, 334 S.E.2d 813 (1985). Where ineffective assistance of counsel is alleged as a ground for relief, the Applicant must prove that "counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied upon as having produced a just result." Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052, 2064, 80 L.Ed.2d 674, 692 (1984); Butler, 286 S.C. 441, 334 S.E.2d 813 (1985).

The proper measure of performance is whether the attorney provided representation within the range of competence required in criminal cases. Courts presume that counsel rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. Butler, 286 S.C. 441, 334 S.E.2d 813 (1985). The Applicant must overcome this presumption to receive relief. Cherry v. State, 300 S.C. 115, 386 S.E.2d 624 (1989). When there has been a guilty plea, the applicant must prove that counsel's representation was below the standard of reasonableness and that, but for counsel's unprofessional errors, there is a reasonable probability that he would not have pled guilty and would have insisted on going to trial. Hill v. Lockhart, 474 U.S. 52, 58-59 (1985); Alexander v. State, 303 S.C. 539, 542, 402 S.E.2d 484, 485 (1991).

Courts use a two-pronged test in evaluating allegations of ineffective assistance of counsel. First, the Applicant must prove that counsel's performance was deficient. Under this prong, attorney performance is measured by its "reasonableness under professional norms." Cherry, 300 S.C. at 117, 385 S.E.2d at 625, (citing Strickland). Second, counsel's deficient performance must have prejudiced the Applicant such that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Cherry, 300 S.C. at 117-18, 386 S.E.2d at 625. As discussed above, the Applicant has failed to carry his burden in this action. Therefore, this Court finds that the application must be denied and dismissed.

This Court finds Applicant's testimony is not credible, while also finding Applicant's counsel's testimony is credible. Accordingly, this Court finds Applicant has failed to prove the first prong of the Strickland test – that counsel failed to render reasonably effective assistance under prevailing professional

norms. This Court also finds Applicant has failed to prove the second prong of Strickland – that he was prejudiced by counsel's performance.

The Applicant alleges that he was only sentenced to seventeen (17) years, not twenty-two (22). The Applicant claims that because the plea court's sentencing is ambiguous the Applicant is entitled to the benefit of the ambiguity. The plea court's sentencing was as follows:

> I'M NOT SURE WHAT YOU INTEND TO DO WITH THE REST OF YOUR LIFE, SIR, BUT GIVEN YOUR PROPENSITY TO ENGAGE IN THIS KIND OF ACTIVITY, TAKING INTO CONSIDERATION YOUR PRIOR PLEAS, SIR, YOUR SENTENCE ON INDICTMENT 03-7191 [sic] IS FIVE YEARS; CONSECUTIVE TO THAT, SIR, ON INDICTMENT 03-1192, YOU'RE SENTENCED TO FIVE YEARS, SIR; CONCURRENT WITH THAT, SIR, THE SENTENCE ON THAT INDICTMENT, ON INDICTMENT 03-00470, YOUR SENTENCE IS 10 YEARS, SIR; CONSECUTIVE TO THAT SENTENCE ON INDICTMENT 03-471, SEVEN YEARS, SIR.
>
> Guilty Plea transcript, p. 41 L. 8-17.

The Applicant's central dispute is whether the ten (10) year sentence for armed robbery (0470) is concurrent to both the financial transaction card theft (1192) five (5) years sentence AND the five (5) years weapon charge (1191). This Court finds that there is no ambiguity whatsoever as to whether the ten (10) year sentence for armed robbery (0470) is concurrent only to the financial transaction card theft (1192) sentence of five (5) years. The plea court clearly articulated, in no uncertain terms, that the sentence for the armed robbery (0470) was concurrent to "THE SENTENCE ON THAT INDICTMENT." This Court finds that the plea court's use of the phrase "that indictment" is unambiguously singular (as opposed to the use of the phrase "those indictments") and references only the sentence of the prior indictment.

This Court finds the Applicant's argument to be without merit. This Court finds that the Applicant's sentence is not ambiguous and the sentencing sheets and pronouncements of the plea court as memorialized in the transcript are entirely consistent, i.e. the sentence is for an aggregate of twenty-two (22) years.

This Court notes that the Applicant presented several purported alibi type witnesses at the PCR hearing, however the Applicant could point to no error on the part of plea counsel who the record reflects attempted to obtain a continuance

> to explore the purported alibi issue(s). Following a direct appeal pursuant to Anders, the South Carolina Court of Appeals dismissed the appeal by written Order dated November 17, 2004. Op. No. 2004-UP-586 (S.C. Ct. of App., Nov. 17, 2004). Accordingly, this Court finds that any purported error by the plea court was dismissed by the direct appeal and any purported error by trial counsel, regarding the continuance request in order to develop the "alibi" claims, has not been developed at the PCR hearing and is thus waived.

App. 114-17 (footnote omitted).

> Continuing, the PCR court concluded:

> Based on all the foregoing, this Court finds and concludes that the Applicant has not established any constitutional violations or deprivations that would require this court to grant his application. Counsel was not deficient in any manner, nor was Applicant prejudiced by counsel's representation. Therefore, this application for post conviction relief must be denied and dismissed with prejudice.

> Except as discussed above, this Court finds that the Applicant failed to raise the remaining allegations set forth in his application at the hearing and has, thereby, waived them. As to any and all allegations that were or could have been raised in the application or at the hearing in this matter, but were not specifically addressed in this Order, this Court finds Applicant failed to present any probative evidence regarding such allegations. Accordingly, this Court finds that Applicant waived such allegations and failed to meet his burden of proof regarding them. Accordingly, they are dismissed with prejudice. A waiver is a voluntary and intentional abandonment or relinquishment of a known right. Janasik v. Fairway Oaks Villas Horizontal Property Regime, 307 S.C. 339, 415 S.E.2d 384 (1992). A waiver may be express or implied. "An implied waiver results from acts and conduct of the party against whom the doctrine is invoked from which an intentional relinquishment of a right is reasonably inferable." Lyles v. BMI, Inc., 292 S.C. 153, 158-59, 355 S.E.2d 282 (Ct. App. 1987). The Applicant's failure to address these issue [sic] at the hearing indicates a voluntary and intentional relinquishment of his right to do so. Therefore, any and all remaining allegations are denied and dismissed.

App. 118.

On July 28, 2008, PCR counsel filed a Motion to Alter or Amend pursuant to Rule 59(e), SCRCP, asking the court to reconsider its ruling on the sentencing issue and asserting that Petitioner had presented enough evidence to support a finding of ineffective assistance of

counsel for failure to obtain alibi evidence. App. 122-23. On March 3, 2009, the PCR court denied Petitioner's Rule 59(e) Motion. App. 124. A notice of appeal was timely filed and served on March 18, 2009. ECF No. 27-7.

On November 12, 2009, Petitioner, represented by Robert Pachak, Esq. of the South Carolina Commission on Indigent Defense, filed a *Johnson*[4] petition for writ of certiorari arguing there was "insufficient evidence to support the PCR judge's finding that petitioner's sentences were not ambiguous." *See Johnson* Petition for Writ of Certiorari in *Kershaw v. State*, #2005-CP-40-3619, ECF No. 27-8. On October 6, 2010, the Supreme Court of South Carolina, pursuant to *Johnson v. State*, 364 S.E.2d 201 (S.C. 1988), granted counsel's request to withdraw and denied the petition for certiorari. *See* Order Denying Certiorari in *Kershaw v. State*, #2005-CP-40-3619, ECF No. 27-9. The remittitur issued on October 22, 2010. ECF No. 27-10. This habeas petition followed.

III.    Discussion

A.    Federal Habeas Issues

Petitioner raises the following issues in his federal petition for a writ of habeas corpus:

Ground One:

> Lower courts erred in accepting appellants guilty pleas without advising him of the sentencing consequences thereof/nature and crucial elements surrounding charges, in violation of the 5th, 6th, 8th, and 14th Amendments. Thus rendering his pleas involuntary and unknowingly entered.
>
> Supporting Facts: Trial court failed to fully apprise of sentencing consequences only explaining to applicant the order of sentencing when given consecutively, failing to explain to applicant the meaning element of concurrent sentencing and the meaning of such leaving applicant ignorant of a clear and full understanding of the possible sentencing, and never making applicant aware of the nature and crucial elements of plea.

---

[4] *Johnson v. State*, 364 S.E.2d 201 (S.C. 1988).

See trial transcript pg# 26 lines #8 – pg #30's line #16.  Therefore, depriving applicant of the necessary information needed in order for one to make a knowingly and intelligent waiver of his rights.  Real notice of true nature of charge is the 1st and most universally recognized requirement of due process.  USCA Const. Amend. 14.

Ground Two:

Applicants sentence is ambiguous and is being misinterpreted as a 22 year sentence instead of a 17 year sentence.

Supporting facts:  The plea court sentenced applicant as follows: "Your sentence on indictment 03-7191 is five years; consecutive to that, sir, on indictment 03-1192, you're sentenced to five years, sir; concurrent with that, sir, the sentence on that indictment, on indictment 03-00470, your sentence is 10 years, sir; consecutive to that sentence on indictment 03-471, seven years, sir."  If read in a linear manner, plea judge sentence reads as follows: (1) a five yr. sentence for weapon; (2) consecutive five for FTCT; (3) 10 yr. sentence for armed robbery to be served concurrently; and (4) a consecutive seven yrs. for kidnapping.  The sentencing sheets are inconsistent w/the above bein [sic] that they read: (1) 5 yrs for weapon; (2) 5 yrs consecutive for FTCT; (3) 10 yrs for armed robbery which is to run consecutive to the 5 yrs for the weapon and concurrent to the 5 yr sentence on the FTCT; (4) a 7 yr consecutive sentence for kidnapping which is to run consecutive to the 10 yrs imposed on the armed robbery.  This interpretation suffers from an obvious flaw.  No such pronouncement was ever made from the bench the record is silent as to whether the armed robbery sentence was to be concurrent or consecutive to the 5 yr sentence on the weapons charge.  Where a judge fails to state whether a sentence is consecutive or concurrent to another sentence imposed, the law construes that sentence, in favor of defendant, to be concurrent.  "Ambiguity or doubts relative to a sentence should be resolved in favor of the accused."  State v. Deangelis, 257 S.C. 44, 50, 183 S.E.2d 906, 909 (1971).

Ground Three:

Ineffective assistance of counsel.

Supporting facts:  Applicant was denied an alibi defense that was in possession of his defense team, see trial trans. P#5 lines 21-22 & lines 25-P#6 line 2, and was in fact en route to the court house before the start of trial in possession of counsels personal investigator who went to Spartanburg County early that morning to retrieve that video tape so that it would be used at applicants trial.  Applicant made it clear to his counsel that this exculpatory evidence would have both the time & date stamp on it proving his actual innocence & that he was in fact in an entire other county on the date & time that he was allegedly in Columbia committing these charges.  Though this was known to counsel she refused to move for a continuance or recess for arrival of tape, see trial trans. P#6 line 2-9, and instead argued w/applicant & informed him that it was too late & the judge

9

would not allow the tape to come in.  In a criminal prosecution, all competent evidence tending ascertainment of the truth should be produced.  <u>Wise v. State</u>, 38 So.2d 553, 251 Ala. 660 § 1202.

Ground Four:

PCR Court's decision was not based on a fully developed record and is controlled by an error of law, (<u>Marshall v. Lonberger</u>, 103 S. Ct. 843) and abuse of discretion.

Supporting facts:  The ambiguity of applicants sentence, after being made known to PCR court, was of important enough merit to cause PCR Judge to inform attending parties "I'm going to give you a chance to have Judge Lloyd to say whatever he really meant." And the applicants alibi defense video tape (Brady material) that he was denied, after being made known to PCR court, was proven to be of such significance that PRC Judge ordered, "Well, the record is going to be left open until we find the tape."  See PCR Trans. P#52 lines 15-16 and P#53 lines 2-4. Lastly, in closing, the Judges final ruling was "All right. And I'm going to leave it open, let's try to find the tape and let's see what Judge Lloyd says and we'll sort through it."  See PCR Trans. P#54 lines 10-12.  Yet PCR Judge in fact did the contrary by ruling on both above issues without receiving an affidavit from Judge Lloyed nor the exculpatory alibi defense video tape (Brady material) that the order the State to turn over.  Thus, his order of dismissal is void being that it is not fully developed in conjunction with the records facts.  His order of dismissal fails to explain his ruling based upon his receiving & or not receiving the materials he ordered be produced by the State.

Ground Five:

Newly discovered evidence.

Supporting facts:  Trial counsel lead applicant at trial court to believe the trial was starting "that day," and with that being the case it was too late to use his video tape evidence as an alibi defense and she was not going to waste the courts time by requesting for a recess or continuance for usage of the video tape. Trial counsel stated this fact on pg#6 trial transcript lines 2-9.  Trial counsel then testified at PCR court that she did in fact request a continuance for applicants discovery which at that time was in route to the court house but the judge denied her request for that discovery which is why she did not push any further for its admittance.  See PCR Trans. Pg.#49 lines 12-20.  This information that it was the Judge who in fact would not give her the requested time needed to properly structure applicants defense around his exculpatory evidence was for the first time made known to him through her testimony at PCR. "A continuance on the ground of want of time for counsel of accused to prepare for trial should be granted where no lack of diligence is shown, either on part of accused or his counsel. . . ." § 627.

Ground Six:

Lack of Subject Matter Jurisdiction.

Supporting facts:  Lack of subject matter jurisdiction may not be waived and maybe raised at any time.  State v. Gurtherie, 572 S.E.2d 309 (2000).  The South Carolina Legislature has enacted S.C. Code § 14-9-170, which mandates the following provisions of convening Grand Juries for service upon General Sessions Court: "The Grand Jury as lawfully drawn in accordance with law for service upon the Court of General Sessions in each of the counties shall constitute a Grand Jury for the county court and shall meet with the county court at each of its terms . . . ."

In the present case, applicants indictments indicate that he was indicted for his charges by a Grand Jury at a May 21, 2003 term of Richland County General Sessions Court. However, under S.C. Code 14-5-670, the S.C. Legislature has enacted the following schedule for Richland County General Sessions Court: "The terms of Richland County General Sessions Court shall be held in Columbia on the 2nd Monday in January for two weeks; the 2nd Monday in April for two weeks; the 3rd Monday in June for two weeks; the Tuesday following the 1st Monday in September for 3 weeks; the 2nd Monday in September for two weeks.  Thus, Applicants indictments allegedly obtained by the Solicitor at a "May" term of General Sessions for Richland County in Columbia while no legal Grand Jury was in attendance, operates as a "sham legal process" that failed to confer subject matter jurisdiction upon trial court since there was no "legally existing" Grand Jury in attendance at a non existing term contrary to § 14-9-170 and § 14-9-210. See e.g. State v. Hann, 196 S.C. 211, 12 S.E.2d 720 (1940).

Applicant argues that trial counsel was ineffective for not challenging defective indictments before the jury was sworn in, and erred in failing to investigate the legality of the process by which he was being charged.

Petition at 5-11, ECF No. 1.

B.      Standard for Summary Judgment

The court shall grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant bears the initial burden of demonstrating that summary judgment is appropriate; if the movant carries its burden, then the burden shifts to the non-movant to set forth specific facts showing that there is a genuine issue for trial.  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).  If a movant asserts that a fact cannot be disputed, it must support that

assertion either by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials;" or "showing . . . that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).

In considering a motion for summary judgment, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* at 248. Further, while the federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case, *see, e.g., Cruz v. Beto*, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts that set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact when none exists. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

C.     Habeas Corpus Standard of Review

1.     Generally

Because Petitioner filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), review of his claims is governed by 28 U.S.C. § 2254(d), as amended. *Lindh v. Murphy*, 521 U.S. 320 (1997); *Breard v. Pruett*, 134 F.3d 615 (4th Cir. 1998). Under the AEDPA, federal courts may not grant habeas corpus relief unless the

underlying state adjudication: (1) resulted in a decision that was contrary to, or involved an unreasonable application of clearly established federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable application of the facts in light of the evidence presented at the state court proceeding. 28 U.S.C. § 2254(d)(1)(2); *see Williams v. Taylor*, 529 U.S. 362, 398 (2000). "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id.* at 410. Moreover, state court factual determinations are presumed to be correct and the petitioner has the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

    2.    Procedural Bar

Federal law establishes this court's jurisdiction over habeas corpus petitions. 28 U.S.C. § 2254. This statute permits relief when a person "is in custody in violation of the Constitution or laws or treaties of the United States[,]" and requires that a petitioner present his claim to the state's highest court with authority to decide the issue before the federal court will consider the claim. *Id.* The separate but related theories of exhaustion and procedural bypass operate in a similar manner to require that a habeas petitioner first submit his claims for relief to the state courts. A habeas corpus petition filed in this court before the petitioner has appropriately exhausted available state-court remedies or has otherwise bypassed seeking relief in the state courts will be dismissed absent unusual circumstances detailed below.

a.    Exhaustion

Section 2254 contains the requirement of exhausting state-court remedies and provides as follows:

(b)    (1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court, shall not be granted unless it appears that—

(A)    the applicant has exhausted the remedies available in the courts of the State; or

(B)    (i) there is an absence of available State corrective process; or

(ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

(2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.

(3) A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.

(c)    An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. § 2254.

The statute requires that, before seeking habeas corpus relief, the petitioner first must exhaust his state court remedies. 28 U.S.C. § 2254(b)(1)(A). "To satisfy the exhaustion requirement, a habeas petitioner must present his claims to the state's highest court." *Matthews v. Evatt*, 105 F.3d 907, 911 (4th Cir. 1997). Thus, a federal court may consider only those issues that have been properly presented to the highest state courts with jurisdiction to decide them.

In South Carolina, a person in custody has two primary means of attacking the validity of his conviction: (1) through a direct appeal; or (2) by filing an application for PCR. State law requires that all grounds be stated in the direct appeal or PCR application. Rule 203 SCACR; S.C. Code Ann. § 17-27-10, *et seq.*; S.C. Code Ann. § 17-27-90; *Blakeley v. Rabon*, 221 S.E.2d 767 (S.C. 1976). If the PCR court fails to address a claim as is required by S.C. Code Ann. § 17-27-80, counsel for the applicant must make a motion to alter or amend the judgment pursuant to Rule 59(e), SCRCP. Failure to do so will result in the application of a procedural bar by the South Carolina Supreme Court. *Marlar v. State*, 653 S.E.2d 266 (S.C. 2007). Strict time deadlines govern direct appeals and the filing of a PCR in the South Carolina courts. A PCR must be filed within one year of judgment, or if there is an appeal, within one year of the appellate court decision. S.C. Code Ann. § 17-27-45.

Furthermore, in filing a petition for habeas relief in the federal court, a petitioner may present only those issues that were presented to the South Carolina Supreme Court or the South Carolina Court of Appeals. *See State v. McKennedy*, 559 S.E.2d 850, 853 (S.C. 2002) (holding "that in all appeals from criminal convictions or post-conviction relief matters, a litigant shall not be required to petition for rehearing and certiorari following an adverse decision of the Court of Appeals in order to be deemed to have exhausted all available state remedies respecting a claim of error.") (quoting *In re Exhaustion of State Remedies in Criminal and Post-Conviction Relief*, 471 S.E.2d 454, 454 (S.C. 1990)).

b.     Procedural Bypass

Procedural bypass, sometimes referred to as procedural bar or procedural default, is the doctrine applied when a petitioner who seeks habeas corpus relief as to an issue failed to raise

that issue at the appropriate time in state court and has no further means of bringing that issue before the state courts. In such a situation, the person has bypassed his state remedies and, as such, is procedurally barred from raising the issue in his federal habeas petition. Procedural bypass of a constitutional claim in earlier state proceedings forecloses consideration by the federal courts. *See Smith v. Murray*, 477 U.S. 527, 533 (1986). Bypass can occur at any level of the state proceedings if the state has procedural rules that bar its courts from considering claims not raised in a timely fashion.

The South Carolina Supreme Court will refuse to consider claims raised in a second appeal that could have been raised at an earlier time. Further, if a prisoner has failed to file a direct appeal or a PCR and the deadlines for filing have passed, he is barred from proceeding in state court. If the state courts have applied a procedural bar to a claim because of an earlier default in the state courts, the federal court honors that bar.  As the Supreme Court explains:

> . . . [state procedural rules promote] not only the accuracy and efficiency of judicial decisions, but also the finality of those decisions, by forcing the defendant to litigate all of his claims together, as quickly after trial as the docket will allow, and while the attention of the appellate court is focused on his case.

*Reed v. Ross*, 468 U.S. 1, 10-11 (1984).

However, if a federal habeas petitioner can show both (1) "'cause' for noncompliance with the state rule[,]" and (2) "'actual prejudice resulting from the alleged constitutional violation[,]'" the federal court may consider the claim. *Smith v. Murray*, 477 U.S. at 533 (quoting *Wainwright v. Sykes*, 433 U.S. 23, 84 (1977)). When a petitioner has failed to comply with state procedural requirements and cannot make the required showing of cause and prejudice, the federal courts generally decline to hear the claim.  *Murray v. Carrier*, 477 U.S. 478, 496 (1986).

16

If a federal habeas petitioner has failed to raise a claim in state court and is precluded by state rules from returning to state court to raise the issue, he has procedurally bypassed his opportunity for relief in the state courts and in federal court. A federal court is barred from considering the filed claim (absent a showing of cause and actual prejudice). In such an instance, the exhaustion requirement is technically met and the rules of procedural bar apply. *See Matthews v. Evatt*, 105 F.3d at 915 (citing *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991); *Teague v. Lane*, 489 U.S. 288, 297-98 (1989); *George v. Angelone*, 100 F.3d 353, 363 (4th Cir. 1996); *Bassette v. Thompson*, 915 F.2d 932, 937 (4th Cir. 1990)).

3.    Cause and Actual Prejudice

Because the requirement of exhaustion is not jurisdictional, this court may consider claims that have not been presented to the South Carolina Supreme Court in limited circumstances in which a petitioner shows sufficient cause for failure to raise the claim and actual prejudice resulting from the failure, *Coleman*, 501 U.S. at 750, or that a "fundamental miscarriage of justice" has occurred. *Murray*, 477 U.S. at 495–96. A petitioner may prove cause if he can demonstrate ineffective assistance of counsel relating to the default, show an external factor that hindered compliance with the state procedural rule, or demonstrate the novelty of a particular claim. *Id.* Absent a showing of cause, the court is not required to consider actual prejudice. *Turner v. Jabe*, 58 F.3d 924 (4th Cir. 1995). However, if a petitioner demonstrates sufficient cause, he must also show actual prejudice in order to excuse a default. *Murray*, 477 U.S. at 492. To show actual prejudice, the petitioner must demonstrate more than plain error.

4.    Ineffective Assistance of Counsel Claims

To prevail on an ineffective assistance of counsel claim, a petitioner must show (1) that his trial counsel's performance fell below an objective standard of reasonableness, and (2) that a reasonable probability exists that but for counsel's error, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 694 (1985). Petitioner bears the burden of proving an error and prejudice in his ineffective assistance of counsel claim. *Id.*

    D.    Analysis

        1.    Procedurally-Barred Grounds

Respondent contends that Petitioner's Grounds Two,[5] Four, Five, and Six are procedurally barred to the extent they were not raised in state court. The undersigned agrees with Respondent's contention as to Grounds Four, Five, and Six. Procedural default is an affirmative defense that is waived if not raised by respondents. *Gray v. Netherland*, 518 U.S. 152,165-66 (1996). It is Petitioner's burden to raise cause and prejudice or actual innocence. If not raised by Petitioner, the court need not consider the defaulted claim. *Kornahrens v. Evatt*, 66 F.3d 1350 (4th Cir. 1995).

In Ground Four, Petitioner alleges that the decision of the PCR court was not based on a fully developed record and is controlled by an error of law. Specifically, he focuses on the court's alleged failure to explain its ruling based on whether the court reviewed certain materials. ECF No. 1 at 9-10.  Despite filing a Rule 59(e) motion, Petitioner did not claim the PCR court's decision was not based on a fully developed record, nor did PCR counsel argue error of law.

---

[5] Respondent contends Ground Two is procedurally barred to the extent Petitioner asserts this as a free-standing due process claim not raised previously.  Petitioner argues that this ground stems from his ineffectiveness of counsel claim and is not a free-standing due process claim. For purposes of this Report and Recommendation, the court will consider Ground Two as part of Petitioner's ineffectiveness of counsel claim as set forth as Ground One of the petition.

Therefore, to the extent this issue was not raised in his PCR appeal, it was not fairly presented to the South Carolina appellate courts and is procedurally-barred from federal habeas review. *See Coleman*, 501 U.S. 722 (stating that if an issue is not properly raised to the state's highest court and would be procedurally impossible to raise now, then it is procedurally barred from federal habeas review). Likewise, Ground Five (Newly Discovered Evidence) is procedurally barred because Petitioner failed to amend his claim following the PCR hearing. *Id.* In Ground Six (Lack of Subject Matter Jurisdiction), Petitioner alleges that "trial counsel was ineffective for not challenging defective indictments before the jury was sworn in, and erred in failing to investigate the legality of the process by which he was being charged." ECF No. 1 at 11. Petitioner failed to raise this issue during his plea or during the PCR proceedings. Accordingly, this issue is procedurally barred from federal habeas review.

In *Kornahrens*, the Fourth Circuit Court of Appeals stated that once a claim is determined to be procedurally barred, the court should not consider the issue on its merits. 66 F.3d 1350. The court noted that it is always tempting to discuss the merits as an alternative reason for a conclusion, but that once a court finds an issue to be procedurally barred, all discussion that follows is dicta. *See Karsten v. Kaiser Found. Health Plan*, 36 F.3d 8, 11 (4th Cir. 1993). Therefore, once a court has determined that a claim is procedurally barred, it should not stray into other considerations. Accordingly, the undersigned will not discuss the merits of the claims raised in Grounds Four, Five, and Six as these claims are procedurally barred.

Additionally, Petitioner has not shown sufficient cause and prejudice to excuse the default. In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claim

is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice. Petitioner has failed to meet this burden. Thus, these issues are procedurally barred from consideration by this court and should be dismissed. *Id.*; *see* 28 U.S.C. § 2254; *Murray v. Carrier*, 477 U.S. 478 (1986); *Wainwright v. Sykes*, 433 U.S. at 88–91; *Mazzell v. Evatt*, 88 F.3d 263, 269 (4th Cir. 1996) (noting that to satisfy the prejudice prong of *Strickland*, a petitioner must demonstrate there is a reasonable probability that, but for counsel's errors, the result would have been different); *Rodriguez v. Young*, 906 F.2d 1153, 1159 (7th Cir. 1990) ("Neither cause without prejudice nor prejudice without cause gets a defaulted claim into federal court.").

The existence of cause must ordinarily turn on whether the prisoner can show some objective factor external to the defense impeded counsel's or his efforts to comply with the State's procedural rule. *Murray*, 477 U.S. at 488. Petitioner fails to articulate cause for procedurally defaulting on his grounds. Petitioner appeared before the court and entered a guilty plea, had the opportunity to file a direct appeal, a PCR hearing, and an appeal from the PCR in which to raise these issues. However, he failed to raise them, raise them properly, or preserve these issues for habeas review. Petitioner cannot establish cause and prejudice because he has consistently abandoned opportunities to preserve these specific issues.

In the alternative, Petitioner must show a miscarriage of justice. In order to demonstrate a miscarriage of justice, Petitioner must show he is actually innocent. Actual innocence is defined as factual innocence, not legal innocence. *Bousley v. United States*, 523 U.S. 614, 622 (1998). Petitioner cannot establish that the errors he complains of probably resulted in the conviction of

20

an innocent person. *Sclup v. Delo*, 513 U.S. 298, 327 (1995). In order to pass through the actual-innocence gateway, a petitioner's case must be "truly extraordinary." *Id.* The court's review of the record does not support a showing of actual innocence.

The Petitioner made no effort to hide his identity from the Victim, and she later identified him in a photographic lineup. Local police traced use of Victim's credit cards to Petitioner. Police also recovered the Victim's stolen camera, and when the film was developed it included pictures of Victim's family and pictures of Petitioner, his child, and his child's mother. Petitioner admitted that he was guilty of each of the charges, and stated to the court "I'll never do anything like this again in my life []." App. 30, 38.

In light of all of the foregoing, Petitioner cannot show actual innocence. Because Petitioner cannot establish actual innocence, the procedural bars apply to Ground Four, Ground Five, and Ground Six. Therefore, it is recommended that Respondent's motion for summary judgment be granted as to these grounds.

        2.      Merits Review

                a.      Ground One – Ineffective assistance of counsel regarding alleged sentencing ambiguity

Petitioner argues he received ineffective assistance during and after his guilty pleas because his counsel failed to seek correction or clarification of any ambiguity in his sentences. ECF No. 52 at 8. Specifically, Petitioner alleges that he was actually sentenced to 17 years by the plea court, and not 22 years as his sentence is interpreted currently.

The Sixth Amendment to the United States Constitution guarantees a defendant the right to effective assistance of counsel in a criminal prosecution. *McMann v. Richardson*, 397 U.S. 759, 771 (1970). In *Strickland*, 466 U.S. at 687, the Supreme Court held that to establish

21

ineffective assistance of counsel, a petitioner must show deficient performance and resulting prejudice. Counsel renders ineffective assistance when his performance "[falls] below an objective standard of reasonableness," but there is a "strong presumption" that counsel's performance was professionally reasonable. *Id.* at 688-89. Prejudice requires a showing "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694.

In the context of a guilty plea, ineffective assistance of counsel claims may be asserted in limited circumstances.[6] In order to prevail on a claim of ineffective assistance of counsel pertaining to a guilty plea, a petitioner must show that his lawyer's performance was incompetent and "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart,* 474 U.S. 52, 59 (1985).

Petitioner has not proven error or prejudice as required by *Strickland*. The PCR court found trial counsel's testimony was credible and the Petitioner's testimony was not. App. 115. The court gives deference to these credibility findings by the state court. *Wilson v. Ozmint,* 352 F.3d 847, 858-59 (4th Cir. 2003). "[F]ederal habeas courts [have] no license to redetermine credibility of witnesses whose demeanor has been observed by the state trial court, but not by

---

[6]A guilty plea generally precludes a petitioner from challenging defects in the process that occurred prior to the plea. He "may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the standards set forth in *McMann*." *Tollett v. Henderson*, 411 U.S. 258, 267 (1973). When such a claim is raised, the voluntariness issue is subsumed within the claim of effectiveness of the attorney's assistance. *Hill v. Lockhart,* 474 U.S. 52, 56 (1985).

them." *Marshall v. Lonberger,* 459 U.S. 422, 434 (1983); *Cagle v. Branker,* 520 F.3d 320, 324 (4th Cir. 2008).

The plea court sentenced Petitioner as follows:

> . . . Sir, your sentence on indictment 03-7191 [sic] [use of firearm during violent crime] is five years; consecutive to that, sir, on indictment 03-1192 [financial transaction card theft], you're sentenced to five years, sir; concurrent with that, sir, the sentence on that indictment, on indictment 03-00470 [armed robbery], your sentence is 10 years, sir; consecutive to that sentence on indictment 03-471 [kidnapping], seven years, sir.

App. 41.

Petitioner argues that the sentence for armed robbery was to run concurrent to both the firearms and financial transaction card theft. Petitioner states that the sentencing sheet for the armed robbery judgment "specifically provides that the Petitioner's ten (10) year sentence on armed robbery was *concurrent* to the five (5) year sentence given for financial card theft." ECF No. 52 at 9. The undersigned disagrees. The armed robbery sentencing sheet provides only that the 10 year sentence is consecutive to the firearm sentence. ECF No. 27-2 at 4. As Petitioner acknowledges, the sentencing sheet only expressly makes the financial transaction card theft sentence concurrent to the armed robbery charge. ECF No. 52 at 9; ECF No. 27-2 at 1.

Petitioner asserts that if counsel had reviewed the sentencing sheets after the sentencing she would have had the opportunity to seek clarification from the judge or timely move for clarification. However, as the PCR court indicated, no such clarification was needed. The PCR court found that "[Petitioner's] sentence is not ambiguous and the sentencing sheets and pronouncements of the plea court as memorialized in the transcript are entirely consistent, i.e. the sentence is for an aggregate of twenty-two (22) years." App. 116. The undersigned agrees. As the PCR court's rejection of the ineffective assistance of counsel ground for relief did not result

23

in an unreasonable application of *Hill* and *Strickland*, and was not based upon an unreasonable determination of facts in light of the state court record, this ground is without merit. The state court's determination did not involve a decision that "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d)(1), (2); *Williams,* 529 U.S. at 398. Thus, the undersigned recommends that the Respondent's motion for summary judgment be granted as to this ground.

> b.    Ground Two – Ineffective assistance of counsel for alleged failure to fully present alibi defense

In his second Ground,[7] Petitioner alleges that he received ineffective assistance of counsel because he was denied an alibi defense in the form of a video tape that he claimed contained exculpatory evidence. ECF No. 1 at 8. Petitioner focuses this Ground on counsel's refusal to "move for a continuance or recess for arrival of tape" and that she "instead argued [with him and] informed him that it was too late [and] the judge would not allow the tape to come in." *Id.*

Petitioner raised this issue to the PCR court, which denied Petitioner's challenge to his counsel's effectiveness for failure to obtain a continuance. The PCR court found that "any purported error by trial counsel, regarding the continuance request in order to develop the 'alibi' claims, has not been developed at the PCR hearing and is thus waived." App. 116-17. Because Petitioner arguably exhausted his argument regarding the video tape, the undersigned considers it on its merits.

---

[7] Ground Three in the Petition.

On the day of Petitioner's scheduled trial, counsel informed the court that a videotape, which Petitioner claimed showed he was at a party in Sumter, S.C. with family members at the time of the offense was committed, was en route to the court with her investigator. Counsel informed the court that Petitioner wanted an extension to view the tape, or in the alternative, relieve her as counsel. App. 4-6. Counsel explained that her investigator had made numerous attempts to retrieve the tape from Petitioner's family members in Spartanburg, S.C., but had been unable to retrieve it until that morning. App. 5, 7. Having not reviewed the tape, counsel could not confirm for the court whether Petitioner was on the tape. Counsel informed the court that she had spoken with witnesses identified by Petitioner, but no one was able to say definitively what time Petitioner was at the party. App. 5. Counsel further informed the court that she explained to Petitioner that she could not "ask for an extension of time simply for a videotape that I cannot confirm exists or what's on it." App. 6. "[S]ince an alibi derives its potency as a defense from the fact that it involves the physical impossibility of the accused's guilt, a purported alibi which leaves it possible for the accused to be the guilty person is no alibi at all." *State v. Robbins*, 271 S.E.2d 319, 320 (S.C. 1980). Here, Petitioner has not presented any testimony or evidence that conclusively establishes that he was elsewhere when the robbery occurred at approximately 11:00 p.m. on December 24, 2002. Petitioner's own admissions during the plea colloquy substantiate the possibility of his presence in Columbia at the time of the crime. App. 29-30.

In addition to the testimony of trial counsel, the PCR court considered the testimony of Petitioner's mother and his friend. They both testified Petitioner was at a party the evening of the crime, but neither could pinpoint a specific time. App. 80, 84-85. Counsel testified that Petitioner was aware that those same witnesses had been subpoenaed for trial, but that he still

25

proceeded with the plea. App. 96-97. In ruling on Petitioner's PCR application, the court found the following regarding counsel's handling of the alibi issue: "This Court notes that the Applicant presented several purported alibi type witnesses at the PCR hearing, however the Applicant could point to no error on the part of plea counsel who the record reflects attempted to obtain a continuance to explore the purported alibi issue(s)." App. 116.

The undersigned is of the opinion that the PCR court reasonably applied *Strickland* in finding that counsel was not ineffective. There is a strong presumption that trial counsel's conduct is within the wide range of reasonable professional assistance, and the court is required to grant broad deference to scrutinizing an attorney's performance. *Strickland*, 466 U.S at 688-89. Trial counsel sought a continuance from the trial judge (App. 101-02) and also informed the court that Petitioner requested an extension of time (App. 4-8). The judge refused to grant a continuance, and allowed Petitioner to either go forward with appointed counsel or proceed pro se.  App. 12. After taking time to make a decision, Petitioner decided to proceed with counsel's representation and to plead guilty to the indictments.  App. 13-16.

Having reviewed the record, and in light of the PCR court's credibility findings, the undersigned is of the opinion that Petitioner's allegations of ineffective assistance of counsel are invalid. It was not unreasonable for the PCR court to find that Petitioner failed to meet his burden of showing plea counsel was ineffective for failing to pursue the defense of alibi based on an unviewed video tape. The PCR court's decision was not contrary to, nor an unreasonable application of, clearly established federal law under §2254(d)(1).  Thus, this ground is without merit and should be dismissed.

IV.     Conclusion

The undersigned has considered each of Petitioner's grounds for habeas corpus relief and recommends that each be dismissed. Accordingly, for the foregoing reasons, the court recommends that Respondent's motion for summary judgment [ECF No. 27] be GRANTED and the habeas petition be DISMISSED with prejudice.

IT IS SO RECOMMENDED.

January 30, 2012
Florence, South Carolina

Kaymani D. West
United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**