IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Devin Jamaal Kershaw, #285275, ) | |
| ) | C/A No. 5:11-306-MBS |
| Petitioner, ) | |
| ) | |
| vs. ) | |
| ) | **OPINION AND ORDER** |
| Anthony J. Padula, Warden of Lee C.I., ) | |
| ) | |
| Respondent. ) | |
| _____) | |

Petitioner Devin Jamaal Kershaw an inmate in custody of the South Carolina Department of Corrections serving a twenty-two year sentence for use of a firearm during a violent crime, financial transaction card theft, armed robbery, and kidnaping. The sentence commenced on January 9, 2003. Petitioner currently is housed at the Lee Correctional Institution in Bishopville, South Carolina.

Plaintiff, proceeding pro se, filed a petition for writ of habeas corpus on February 9, 2011, alleging that he is being detained unlawfully. See 28 U.S.C. § 2254. Petitioner asserts the following grounds for relief:

> GROUND ONE: [Ineffective assistance of counsel] Lower courts erred in accepting Applicant's guilty pleas without advising him of the sentencing consequences thereof/nature and crucial elements surrounding charges, in violation of the 5th, 6th, 8th, and 14th Amendments.
>
> GROUND TWO: Applicant's sentence is ambiguous and is being misinterpreted as a 22 year sentence instead of a 17 year sentence.
>
> GROUND THREE: Ineffective assistance of counsel for failing to present alibi defense at trial.
>
> GROUND FOUR: PCR court's decision was not based on a fully developed record and is controlled by an error of law and abuse of discretion.
>
> GROUND FIVE: Newly discovered evidence.

GROUND SIX: Lack of subject matter jurisdiction.

See generally, ECF No. 1, 5-11. In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Kevin McDonald, and reassigned to Magistrate Judge Kaymani D. West, for a Report and Recommendation.

This matter is before the court on motion for summary judgment filed by Respondent on June 24, 2011. Respondent filed a motion for summary judgment on August 26, 2011. By order filed August 29, 2011, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), Petitioner was advised of the summary judgment procedures and the possible consequences if he failed to respond adequately. After being granted several extensions of time, Petitioner retained counsel, who made an appearance on November 2, 2011. On December 5, 2011, Petitioner, through counsel, filed a response in opposition to Respondent's motion for summary judgment. Counsel challenged Respondent's motion for summary judgment only as to the following issues: (1) ineffective assistance of counsel as to sentence ambiguity; and (2) ineffective assistance of counsel as to failure to present alibi defense. See ECF No. 52, 4-6.

On January 30, 2012, the Magistrate Judge issued a Report and Recommendation. She determined that Grounds Four, Five, and Six are procedurally defaulted. The Magistrate Judge construed Ground Two as part of Petitioner's ineffective assistance of counsel claim as set forth in Ground One of the petition. With respect to Ground One, the Magistrate Judge noted that the sentencing sheets signed by the trial judge specifically set forth the sentences imposed on Petitioner and the concurrent or consecutive nature of each. The Magistrate Judge found that the PCR judge properly determined Petitioner's sentence is not ambiguous and the sentencing sheets and pronouncements of the trial judge were entirely consistent, such that Petitioner's sentence is for an

aggregate of twenty-two years. The Magistrate Judge concluded that Petitioner had failed to show error or prejudice as required by Strickland v. Washington, 466 U.S. 668, 694 (1985), and Hill v. Lockhart, 474 U.S. 52, 59 (1985). Therefore, the Magistrate Judge found that, the decision of the PCR judge that trial counsel's performance was effective was not contrary to, nor an unreasonable application of, clearly established federal law. See 28 U.S.C. § 2254(d)(1).

As to Ground Three, the Magistrate Judge observed that Petitioner had not presented any testimony or evidence to conclusively establish that he was elsewhere when the crimes occurred. The Magistrate Judge also noted that Petitioner's own admissions during the plea colloquy substantiate the possibility of Petitioner's presence at the scene of the crime. At the PCR hearing, the PCR judge determined that Petitioner could point to no error on the part of counsel. The Magistrate Judge concluded that the decision of the PCR judge that trial counsel's performance was effective with respect to the alibi defense was not contrary to, nor an unreasonable application of, clearly established federal law. See 28 U.S.C. § 2254(d)(1). Accordingly, the Magistrate Judge recommended that Respondent's motion for summary judgment be granted. Petitioner filed no objections to the Report and Recommendation.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). This court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. 28 U.S.C. § 636(b)(1). This court may also receive further evidence or recommit the matter to the Magistrate Judge with instructions. Id. This court is obligated to conduct a de novo review of every portion of the Magistrate Judge's report to which objections have been filed. Id. In the absence of a timely filed

objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).

The court has thoroughly reviewed the record. The court adopts the Report and Recommendation and incorporates it herein by reference. Respondent's motion for summary judgment is **granted**. Petitioner's § 2254 petition is dismissed, with prejudice.

CERTIFICATE OF APPEALABILITY

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir.2001). The court concludes that Petitioner has not made the requisite showing.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
Chief United States District Judge

Columbia, South Carolina

March 27, 2012.