IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Devin Jamaal Kershaw, #285275, ) | |
| ) | C/A No. 5:11-306-MBS |
| Petitioner, ) | |
| ) | |
| vs. ) | |
| ) | **OPINION AND ORDER** |
| Anthony J. Padula, Warden of Lee C.I., ) | |
| ) | |
| Respondent. ) | |
| _____) | |

Petitioner Devin Jamaal Kershaw is an inmate in custody of the South Carolina Department of Corrections. Petitioner currently is housed at the Lee Correctional Institution in Bishopville, South Carolina. Petitioner, proceeding pro se, filed a petition for writ of habeas corpus on February 8, 2011, alleging that he is being detained unlawfully. See 28 U.S.C. § 2254.

I. BACKGROUND

The facts are thoroughly discussed in the Report and Recommendation. Briefly, Petitioner approached the victim near her car on the evening of December 24, 2002. Petitioner robbed the victim of her purse at gun point, then forced her into her residence to retrieve a wallet containing additional money. Thereafter, Petitioner forced the victim back outside and told her to face a fence. The victim heard Petitioner run away, at which time she re-entered her residence and called the authorities. Eventually Petitioner and a codefendant were apprehended after using the victim's credit cards.

Petitioner was indicted in May 2003, in Richland County, South Carolina, for armed robbery (2003-GS-40-470), kidnaping (2003-GS-40-471), use of a firearm during the commission of a violent crime (2003-GS-40-1191), and financial transaction card theft ("FTCT") (2003-GS-40-

1192).¹ ECF No. 27-1 at 129-36. On September 2, 2003, Petitioner appeared before the Honorable Reginald I. Lloyd for a jury trial. Petitioner was represented by April Sampson and Dwayne Pearson, Assistant Public Defenders. Petitioner requested that trial counsel be relieved, or, in the alternative, that the trial be continued. Among other things, Petitioner contended that a videotape would show he was at a Christmas Eve party at or near the time the crime was committed. Trial counsel explained to the trial judge that the videotape had been procured and that it was en route. Trial counsel further informed the trial judge that she did not know what was on the videotape, and that she had to explain to Petitioner that she was unwilling to ask for an extension of time for a videotape that she could not confirm exists or what was on it. Nevertheless, Petitioner wished to either relieve counsel or obtain an extension of the trial date.

The trial judge queried Petitioner about the videotape and the efforts trial counsel had expended attempting to obtain the tape from Petitioner's family members. The trial judge denied the continuance and informed Petitioner that he could proceed with or without counsel. Petitioner elected to go forward with representation. Petitioner also elected to plead guilty to the four counts as indicted. ECF No. 27-2 at 1-4; ECF No. 27-1 at 30-34. Petitioner agreed to waive the rights appertaining to trial. He also agreed with the recitation of facts provided by the solicitor. Petitioner informed the judge that he understood the sentences and that he could face seventy years incarceration if the trial judge were to sentence him on each count consecutively. The trial judge specifically queried Petitioner as to whether he was, in fact, guilty of kidnaping, armed robbery, use of a firearm during the commission of a violent crime, and FTCT. Petitioner admitted that he was,

---

¹ Petitioner was also indicted for burglary first degree, but the State did not proceed with this charge. Petitioner would have been subject to a 15-year to life sentence of imprisonment on the burglary charge. ECF No. 27-1 at 8, 30.

2

in fact, guilty. Trial counsel further informed the court as follows:

> [Petitioner] wanted me to tell the court and to tell [the victim] that he had no intentions of hurting her ever. That was never in his thoughts. I know that doesn't do her any good and does not make anything better, but that was never his intention to harm her at all.

ECF No. 27-1 at 37.

Petitioner also informed the court:

> I'll never do anything like this again in my life, your honor. This has been a harsh, rude awakening for me since the time I've been in here. This is not the life I want to live.

Id. at 42.

The trial judge imposed a sentence as follows:

> I'm not sure what you intend to do with the rest of your life, sir, but given your propensity to engage in this kind of activity, taking into consideration your prior pleas, sir, your sentence in indictment 03-7191[2] is five years; consecutive to that, sir, on indictment 03-1192, you're sentenced to five years, sir; concurrent with that, sir, the sentence on that indictment, on indictment 03-00470, your sentence is 10 years, sir; consecutive to that sentence on indictment 03-471, seven years, sir.

ECF No. 27-1 at 45.

Petitioner and counsel believed that Petitioner had been sentenced to seventeen years incarceration. ECF No. 27-1 at 72, 102. The sentencing sheet for use of a firearm, 03-1191, states that the sentence is five years but does not indicate that it is concurrent with or consecutive to any other sentence. ECF No. 27-2 at 2. The sentence sheet for armed robbery, 03-470, states that the sentence is ten years, consecutive to the sentence for 03-1191 [use of a firearm]. Id. at 4. The sentencing sheet for FTCT, 03-1192, states that the sentence is five years, concurrent with the sentence for 03-470 [armed robbery]. Id. at 1. The sentencing sheet for kidnaping, 03-471, states

---

[2] This indictment number presumably refers to 03-1191, use of a firearm.

that the sentence is seven years, consecutive to the sentence for 03-470 [armed robbery]. Id. at 3. The South Carolina Department of Corrections has interpreted the sentencing sheets as imposing a total term of incarceration of twenty-two years. See ECF No. 27-1 at 64.

Petitioner filed a notice of appeal. On May 4, 2004, Petitioner's appointed appellate counsel, Wanda Hagler, filed an Anders[3] brief and a petition to be relieved as counsel with the South Carolina Court of Appeals. ECF No. 27-3. Petitioner's counsel briefed an arguable legal claim, arguing that Petitioner did not knowingly plead guilty because he was informed of the maximum possible aggregate sentence but was not told what would happen if some sentences ran concurrently rather than consecutively.[4] Id. at 7. On November 17, 2004, the court of appeals dismissed Petitioner's appeal and relieved his appellate counsel. ECF No. 27-4. On December 15, 2004, Petitioner filed a pro se motion for rehearing with the court of appeals, which was not successful. ECF No. 27-5. Petitioner's case was remitted to the lower court on February 28, 2005. ECF No. 27-6.

On July 25, 2005, Petitioner filed a pro se application for post-conviction relief ("PCR"), alleging that his sentence was unlawful. ECF No. 27-1 at 47-50. Petitioner contended that he had received ineffective assistance of counsel and that his guilty plea was not freely and voluntarily made. Id. at 48. On December 1, 2006, through attorney Tara D. Shurling, Petitioner amended his PCR application to include the claim that trial counsel was ineffective for failing to ensure that the sentencing orders signed by the trial judge accurately reflected the sentence articulated during the sentencing proceeding. Id. at 53.

---

[3] Anders v. California, 386 U.S. 738 (1967).

[4] Appellate counsel also construed Petitioner's sentence as imprisonment for a period of seventeen years. ECF No. 27-3 at 5.

4

On January 8, 2007, the Honorable Casey L. Manning held an evidentiary hearing. ECF No. 27-1 at 61-115. The gravamen of Petitioner's claims was that trial counsel was ineffective (1) for neglecting to interview and obtain an alibi witness who allegedly could have established that he was not the perpetrator (2) for failing to take reasonable steps to obtain a copy of a videotape that purportedly would have shown Petitioner at a party at the time of the crime; and (3) for failing to ensure that the sentencing sheets conformed with the sentence issued from the bench. Specifically, Petitioner testified that Laqueta Ball had given him a ride from a party in Sumter, South Carolina on December 24, 2002, and that she had taken him to the residence of his co-defendant and stayed with him in her car until midnight. He testified that he informed trial counsel of this fact, but that she failed to interview Ms. Ball. Petitioner further testified that, even though trial counsel obtained a copy of the videotape at issue and was aware of the alleged alibi witness, she still advised Petitioner to enter a guilty plea. Petitioner also testified that trial counsel was ineffective for not reviewing the sentencing sheets in the courtroom to make sure that the sheets were consistent with what the trial judge had orally pronounced. Petitioner further testified that he had no choice but to plead guilty because he felt he was unable to represent himself competently at trial.

Petitioner responded to cross-examination as follows:

Q      Judge Lloyd advised you of the charges that you were facing, correct?

A      Right.

Q      And he advised you of the sentence you were facing by pleading guilty, correct?

A      Yes.

Q      And on page 30 he went through and individually and asked if you were pleading guilty because you were, in fact, guilty of these charges to which

5

Q you indicated that you were, correct?

A Right.

Q Were you lying?

A No.

Q So you were, in fact, guilty of these charges?

A No.

Q He asked you if you were pleading guilty if somebody forced you to do so and you indicated that no one was forcing you to plead guilty and you were doing it of your own free will, correct?

A Right.

. . . .

Q Do you have a copy of your transcript up there?

A Yes, I do.

Q Let me recall your attention to page 38.

A All right.

Q Could you read line three and four and stop at the period at line 4.

A Okay. I will never do anything again like this in my life, Your Honor.

Q If you didn't do anything, what were you telling him you would never going to do anything in your life?

A Well, let me explain something to you about this situation, sir. The fact of the matter is, I was in a position of submission due to the fact that I was only given a two choice ultimatum. . . . And these two choices were that I either go forward with appointed counsel, two very good lawyers or I try this case on my own today which I had no knowledge of how to do that. And as I said I did not want to go forward with my counsel because she was advising me that a plea was in my best interest. I didn't feel it was. But as you can see I didn't have a choice of the matter. And I did not know how to represent

myself in the court trying to plead my case to 12 jurors. It would defeat the purpose for me to go to trial looking for a guilty plea -- for a not guilty verdict when my lawyer is looking for a guilty plea or a guilty plea verdict from the jury. So it would defeat the purpose, I had no choice. And my lawyer and lawyer's investigator, my defense team, was in possession of something that would have set me free. But as you can see from the transcript that she still said that she felt that I should plead which I do not see why but I had no choice.

Q   Okay. And I'm going to ask again, when you tell the judge that you'll never do anything like this again, what were you saying you'd never do again?

A   Nothing.

Q   Nothing?

A   Right.

ECF No. 27-1, at 79-82.

Trial counsel testified at the PCR hearing. She stated that her investigator made several attempts to retrieve the videotape and finally did so the day of the guilty plea hearing. Trial counsel further testified that she subpoenaed both Ms. Ball and Petitioner's mother to testify regarding his presence at the party in Sumter, South Carolina. Trial counsel also testified that she believed Petitioner had been sentenced to seventeen years incarceration, but that it was not her general procedure to look at the sentencing sheets. According to trial counsel, the trial judge generally completes the sentencing sheets and hands them to the clerk at a time when trial counsel has already left the courtroom. Trial counsel acknowledged that the sentencing sheets provided for an aggregate sentence of twenty-two years incarceration.

Trial counsel testified that she advised Petitioner it was probably in his best interest to plead guilty because she was afraid of what sentence the trial judge would have imposed after a trial.

On July 9, 2008, the PCR judge issued an order dismissing Petitioner's claims with prejudice.

ECF No. 27-1 at 116-23. The PCR judge found that Petitioner's testimony was not credible, and that trial counsel's testimony was credible. In particular, the PCR judge stated as follows:

> [Petitioner's] central dispute is whether the ten (10) year sentence for armed robbery (0470) is concurrent to both the financial transaction card theft (1192) five (5) years sentence AND the five (5) years weapon charge (1191). This Court finds that there is no ambiguity whatsoever as to whether the ten (10) year sentence for armed robbery (0470) is concurrent only to the financial transaction card theft (1192) sentence of five (5) years. The plea court clearly articulated, in no uncertain terms, that the sentence for the armed robbery (0470) was concurrent to "THE SENTENCE ON THAT INDICTMENT." This court finds that the plea court's use of the phrase "that indictment" is unambiguously (as opposed to the use of the phrase "those indictments") and references only the sentence of the prior indictment.
>
> This Court finds [Petitioner's] argument to be without merit. This court finds that [Petitioner's] sentence is not ambiguous and the sentencing sheets and pronouncements of the plea court as memorialized in the transcript are entirely consistent, i.e. the sentence is for an aggregate of twenty-two (22) years.

Id. at 120.

The PCR judge also stated that although Petitioner "presented several purported alibi type witnesses at the PCR hearing, . . . [he] could point to no error on the part of plea counsel who the record reflects attempted to obtain a continuance to explore the purported alibi issue(s)." Id. The PCR judge stated that "any purported error by trial counsel, regarding the continuance request in order to develop the 'alibi' claims, has not been developed at the PCR hearing and is waived." Id. The PCR judge found that Petitioner had not shown that trial counsel's performance was deficient or that he was prejudiced by any alleged errors. Id. at 119.

On July 28, 2008, Petitioner moved the PCR judge to reconsider the order of dismissal. ECF No. 27-1 at 126-27. The PCR judge denied this motion on March 3, 2009. Id. at 128. Petitioner appealed the PCR judge's order on March 18, 2009. ECF No. 27-7. On November 12, 2009, Petitioner's appointed counsel, Robert Pachak, filed a petition for writ of certiorari with the South

Carolina Supreme Court pursuant to Johnson v. State, 364 S.E.2d 201 (S.C. 1988). ECF No. 27-8. Petitioner's counsel briefed one arguable claim, asserting there was insufficient evidence to support the PCR judge's finding that Petitioner's sentences were not ambiguous, and requested to be relieved as counsel. Id. On October 6, 2010, the South Carolina Supreme Court denied Petitioner's petition for writ of certiorari and granted counsel's request to withdraw. ECF No. 27-9. The supreme court remitted the case to the lower court on October 22, 2010. ECF No. 27-10.

In his § 2254 petition, Petitioner asserts the following grounds for relief:

GROUND ONE: Lower courts erred in accepting [Petitioner's] guilty pleas without advising him of the sentencing consequences thereof / nature and crucial elements surrounding charges, in violation of the 5th, 6th, 8th, and 14th amendments. Thus, rendering his pleas involuntary and unknowingly entered.

GROUND TWO: [Petitioner's] sentence is ambiguous and is being misinterpreted as a 22 year sentence instead of a 17 year sentence.

GROUND THREE: Ineffective assistance of counsel [for failing to obtain alibi evidence].

GROUND FOUR: PCR court's decision was not based on a fully developed record and is controlled by an error of law . . . and abuse of discretion.

GROUND FIVE: Newly discovered evidence [trial court should have granted a continuance so that his counsel could obtain an exculpatory video recording].

GROUND SIX: Lack of subject matter jurisdiction / ineffective assistance of counsel [based on allegedly defective indictments].

ECF No. 1 at 5-11.

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Kevin McDonald, and reassigned to Magistrate Judge Kaymani D. West, for a Report and Recommendation. The petition is governed by the terms of 28 U.S.C. § 2254, as amended by the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), which

became effective on April 24, 1996.

Respondent filed a motion for summary judgment on August 26, 2011. By order filed August 29, 2011, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), Petitioner was advised of the summary judgment procedures and the possible consequences if he failed to respond adequately. After being granted several extensions of time, Petitioner retained counsel, who made an appearance on November 2, 2011. On December 5, 2011, Petitioner, through counsel, filed a response in opposition to Respondent's motion for summary judgment. Petitioner presented arguments as to only two grounds for relief, specifically:

1. Petitioner received ineffective assistance of counsel during and after his guilty pleas where counsel failed to seek correction or clarification of any ambiguity in Petitioner's sentences.

2. Petitioner received ineffective assistance of counsel before and during his guilty pleas where counsel failed to fully present his alibi defense.

ECF No. 52 at 8 & 15.

On January 30, 2012, the Magistrate Judge issued a Report and Recommendation. She determined that Grounds Four, Five, and Six are procedurally defaulted. The Magistrate Judge construed Ground Two as Petitioner's ineffective assistance of counsel claim as argued in response to Respondent's motion for summary judgment, and as based on Ground One of the § 2254 petition. With respect to Grounds One and Two, the Magistrate Judge noted that the sentencing sheets signed by the trial judge specifically set forth the sentences imposed on Petitioner and the concurrent or consecutive nature of each. The Magistrate Judge found that the PCR judge properly determined Petitioner's sentence is not ambiguous and the sentencing sheets and pronouncements of the trial judge were consistent, such that Petitioner's sentence is for an aggregate of twenty-two years. The

Magistrate Judge concluded that Petitioner had failed to show error or prejudice as required by Strickland v. Washington, 466 U.S. 668, 694 (1985), and Hill v. Lockhart, 474 U.S. 52, 59 (1985). Therefore, the Magistrate Judge found that, the decision of the PCR judge that trial counsel's performance was effective was not contrary to, nor an unreasonable application of, clearly established federal law. See 28 U.S.C. § 2254(d)(1).

As to Ground Three, the Magistrate Judge observed that Petitioner had not presented any testimony or evidence to conclusively establish that he was elsewhere when the crimes occurred. The Magistrate Judge also noted that Petitioner's own admissions during the plea colloquy substantiate the possibility of Petitioner's presence at the scene of the crime. The Magistrate Judge concluded that the decision of the PCR judge that trial counsel's performance was effective with respect to the alibi defense was not contrary to, nor an unreasonable application of, clearly established federal law. See 28 U.S.C. § 2254(d)(1). Accordingly, the Magistrate Judge recommended that Respondent's motion for summary judgment be granted.

Objections were due to the Report and Recommendation by February 16, 2012. On February 15, 2012, Petitioner moved for an extension of time to file objections until March 19, 2012. The court granted Petitioner's motion by text order entered February 17, 2012. On March 19, 2012, Petitioner filed a second motion for extension of time to file objections until April 18, 2012. On March 19, 2012, the court granted Petitioner's motion, but set a deadline to file objections of March 23, 2012, and a date for Respondent to file a response to Petitioner's objections of March 28, 2012. On March 27, 2012, no objections having been filed by Petitioner, the court issued an order adopting the Report and Recommendation.

This matter now is before the court on Petitioner's motion to reconsider, which motion was

filed on March 27, 2012. Petitioner's counsel informs the court that she made a clerical error, that is, a mistake in docketing objections as due on March 28, 2012 (Respondent's deadline), rather than March 23, 2012 (Petitioner's deadline). Petitioner filed objections to the Report and Recommendation on March 28, 2012. Respondent does not object to the late filing of objections. Accordingly, the court **grants** Petitioner's motion to reconsider (ECF No. 68), **vacates** its March 27, 2012 order (ECF No. 66), and will consider Petitioner's objections (ECF No. 69) herein.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). This court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. 28 U.S.C. § 636(b)(1). This court may also receive further evidence or recommit the matter to the Magistrate Judge with instructions. Id. This court is obligated to conduct a de novo review of every portion of the Magistrate Judge's report to which objections have been filed. Id.

## II. DISCUSSION

A writ of habeas corpus shall not be granted for any claim that was adjudicated on the merits in a state court proceeding unless the state court's adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

The limited scope of federal review of a state petitioner's habeas claims is grounded in

fundamental notions of state sovereignty. Richardson v. Branker, 558 F.3d 128, 138 (4th Cir. 2012) (citing Harrington v. Richter, 131 S. Ct. 770, 787 (2011)). When a federal court adjudicates a habeas corpus petition brought by a state prisoner, that adjudication constitutes an intrusion on state sovereignty. Id. (citing Harrington, 131 S. Ct. at 787). A federal court's power to issue a writ is limited to exceptional circumstances, thereby helping to ensure that "'state proceedings are the central process, not just a preliminary step for a later federal habeas proceeding.'" Id. (citing Harrington, 131 S. Ct. at 787). The restrictive standard of review "'further[s] the principles of comity, finality, and federalism.'" Id. (citing Williams v. Taylor, 529 U.S. 362, 364 (2000)). "'The pivotal question is whether the state court's application of the [applicable federal legal] standard was unreasonable.'" Id. (quoting Harrington, 131 S. Ct. at 785). So long as fairminded jurists could disagree on the correctness of a state court's decision, a state court's adjudication that a habeas claim fails on its merits cannot be overturned by a federal court. Id. (citing Harrington, 131 S. Ct. at 786).

Petitioner contends that he received ineffective assistance of counsel. To prevail on a claim of ineffective assistance of counsel, a petitioner ordinarily must satisfy both parts of the two-part test set forth in Strickland v. Washington, 466 U.S. 668 (1984). The petitioner first must show that counsel's representation fell below an objective standard of reasonableness. Id. at 687–88. In making this determination, a court considering a habeas corpus petition "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Strickland, 466 U.S. at 689.

Law/Analysis

A. Sentencing Sheets

Petitioner first contends that the Magistrate Judge erred in not finding trial counsel's

performance to be ineffective for failing to review the sentencing sheets and seek clarification as to the sentence imposed by the trial judge. According to Petitioner, the oral sentenced imposed by the trial judge and the sentencing sheets were ambiguous. Petitioner argues that, if trial counsel had noted and addressed the discrepancy, there was a good probability that Petitioner's sentence would have been interpreted in a manner that reduced his aggregate sentence by five years.

The PCR judge found the sentencing sheets and pronouncements of the trial judge to be unambiguous. A determination of a factual issue made by a state court shall be presumed to be correct. 28 U.S.C. § 2254(e)(1). Petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. Id.

Petitioner argues that a plain reading of the trial judge's oral pronouncement indicates that Petitioner was sentenced to five years on the firearms charge, five years on the FTCT charge, to run consecutively, for a total of ten years; then was given a sentence of ten years for armed robbery to run concurrently with the firearms and FTCT sentences; and then was sentenced to seven years consecutive to the armed robbery charge, for a total of seventeen years. Petitioner notes that trial counsel, when noting the trial judge's oral sentence, also considered the sentence to be a total of seventeen years. The court disagrees with the PCR judge that the oral sentence and the sentencing sheets, which showed the ten year sentence for armed robbery to run concurrent only with the FTCT charge, are not ambiguous.

Assuming for purposes of discussion that trial counsel was ineffective for failing to review the sentencing sheets, at which time she would have discovered her error in assuming the trial judge had imposed a seventeen-year sentence, the question becomes whether Petitioner was prejudiced. Petitioner contends that the trial judge would have imposed a lesser sentence had trial counsel asked

for clarification. The court concludes that an evidentiary hearing should be held as to this issue.

B.  Alibi Evidence

Petitioner next asserts that the Magistrate Judge erred in not finding trial counsel's performance to be ineffective for failing to explore the alibi defense. According to Petitioner, trial counsel "half-heartedly" requested a continuance in chambers and again on the record. Petitioner contends that, without the benefit of reviewing the videotape, he was unable to fully evaluate the pros and cons of proceeding to trial. Petitioner asserts that, at a minimum, he could have commenced trial and pleaded guilty the next day after having had the opportunity to review the videotape overnight. The court disagrees.

The trial judge took up the matter of a continuance prior to trial and addressed the issue on Petitioner's own motion. The trial judge denied the motion for a continuance and informed Petitioner that he could proceed to trial with or without counsel. Petitioner determined to go forward with representation and then, after a pause in the proceedings, determined to plead guilty. Petitioner was free to go forward with the trial and review the videotape overnight. Instead, he chose to plead guilty to the offenses for which he was charged. Petitioner's objection is without merit.

III. CONCLUSION

The court has thoroughly reviewed the record. Respondent's motion for summary judgment is **granted** except as to the sole issue of whether Petitioner was prejudiced by trial counsel's failure to inspect the sentencing sheets and ask the trial judge for clarification. The court will hold an

evidentiary hearing on this issue at a date and time to be set.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour<br>Chief United States District Judge

Columbia, South Carolina

June 27, 2012.