IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Devin Jamaal Kershaw, #285275, )<br>                                                   )<br>                     Petitioner,          )<br>                                                   )<br>   vs.                                            )<br>                                                   )<br>Anthony J. Padula, Warden of Lee C.I., )<br>                                                   )<br>                     Respondent.         )<br>_____ ) | C/A No. 5:11-306-MBS<br><br><br><br>**OPINION AND ORDER** |

Petitioner Devin Jamaal Kershaw is an inmate in custody of the South Carolina Department of Corrections. Petitioner currently is housed at the Lee Correctional Institution in Bishopville, South Carolina. Petitioner was indicted in May 2003, in Richland County, South Carolina, for armed robbery, kidnaping, use of a firearm during the commission of a violent crime, and financial transaction card theft ("FTCT").[1] Petitioner pleaded guilty, whereupon the trial judge, former Circuit Judge Reginald I. Lloyd, imposed a sentence as follows:

> I'm not sure what you intend to do with the rest of your life, sir, but given your propensity to engage in this kind of activity, taking into consideration your prior pleas, sir, your sentence [for use of a firearm] is five years; consecutive to that, sir, on [FTCT], you're sentenced to five years, sir; concurrent with that, sir, the sentence on [armed robbery], your sentence is 10 years, sir; consecutive to that sentence on [kidnaping], seven years, sir.

ECF No. 27-1 at 45.

Based on the oral pronouncement, Petitioner argues that he was sentenced to five years on the firearms charge and five years on the FTCT charge, to run consecutively, for a total of ten years; then was given a sentence of ten years for armed robbery to run concurrently with the firearms and

---

[1] Petitioner was also indicted for burglary first degree, but the State did not proceed with this charge. Petitioner would have been subject to a 15-year to life sentence of imprisonment on the burglary charge.

FTCT sentences; and then was sentenced to seven years consecutive on the kidnaping charge, for a total term of incarceration of seventeen years. The sentencing sheet for use of a firearm states that the sentence is five years but does not indicate that it is concurrent with or consecutive to any other sentence. The sentencing sheet for armed robbery states that the sentence is ten years, consecutive to the sentence for use of a firearm. The sentencing sheet for FTCT states that the sentence is five years, concurrent with the sentence for armed robbery. The sentencing sheet for kidnaping states that the sentence is seven years, consecutive to the sentence for armed robbery. The South Carolina Department of Corrections has interpreted the sentencing sheets as imposing a total term of incarceration of twenty-two years.

Petitioner filed a petition for writ of habeas corpus on February 8, 2011, alleging that he is being detained unlawfully. See 28 U.S.C. § 2254. Petitioner asserted six grounds for relief. This matter came before the court on Respondent's motion for summary judgment, which motion was filed on June 24, 2011. In his response in opposition to Respondent's motion for summary judgment, Petitioner presented arguments as to only two grounds for relief, specifically:

1. Petitioner received ineffective assistance of counsel during and after his guilty pleas where counsel failed to seek correction or clarification of any ambiguity in Petitioner's sentences.

2. Petitioner received ineffective assistance of counsel before and during his guilty pleas where counsel failed to fully present his alibi defense.

ECF No. 52 at 8 & 15.

On June 27, 2012, the court granted Respondent's motion for summary judgment as to all grounds for relief except Petitioner's contention that trial counsel's performance was deficient for failing to review the sentencing sheets and seek clarification as to the sentence imposed by the trial

2

judge. In its June 27, 2012 order, the court assumed for purposes of summary judgment that trial counsel was ineffective for failing to review the sentencing sheets. The court then determined that the question was whether Petitioner was prejudiced by trial counsel's alleged deficient performance. See Strickland v. Washington, 466 U.S. 668, 694 (1985)(a defendant claiming ineffective assistance of counsel must show both error and prejudice). The court held an evidentiary hearing on July 31, 2012, at which Petitioner and his counsel were present. Representing respondent were counsel from the Office of the South Carolina Attorney General.

Petitioner called the trial judge as a witness. The trial judge testified that he did not consider there to be any ambiguity between his oral pronouncement and the sentencing sheets. In other words, the trial judge confirmed that it was his intention to sentence Petitioner to twenty-two years incarceration. The trial judge testified that, had trial counsel approached him about the sentence, he would have tried to clarify the sentence for the benefit of Petitioner, but that he probably would not have granted a motion to reduce the sentence. Based on the trial judge's testimony, the court concludes that Petitioner cannot establish prejudice under Strickland. Petitioner's ground for relief is without merit.

For the reasons stated herein and in the court's June 27, 2012 order, Respondent's motion for summary judgment is **granted**. Petitioner's § 2254 motion is denied, with prejudice.

## CERTIFICATE OF APPEALABILITY

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise

debatable. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir.2001). The court concludes that Petitioner has not made the requisite showing. Accordingly, the court **denies** a certificate of appealability.

    **IT IS SO ORDERED**.

                                              /s/ Margaret B. Seymour
                                              Chief United States District Judge

Columbia, South Carolina

August 9, 2012